IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BATINA ADKINS, Individually,
and as Next Friend and Guardian of
DRAVEN ROBERTSON,

                Plaintiffs,

v.                                CIVIL ACTION NO. 3:12-0076

THE UNITED STATES OF AMERICA,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (ECF No. 106). Also pending is Defendant's Objection to Plaintiff's Reply or, alternatively, its Motion for Leave to File Surreply (ECF No. 120). For the reasons explained below, the Court **GRANTS in part** Plaintiff's Motion for Partial Summary Judgment. Specifically, the Court **GRANTS** summary judgment in favor of Plaintiff on the issue of whether Defendant's deemed employees violated the applicable standard of care, **FINDS** that Defendant's deemed employees violated the applicable standard of care, and **holds in ABEYANCE** the remainder of Plaintiff's Motion. The Court **DENIES** Defendant's Objection to Plaintiff's Reply or, alternatively, its Motion for Leave to File Surreply.

In her Motion, Plaintiff seeks summary judgment in her favor concerning: 1) whether Defendant's deemed employees breached the applicable standard of care; 2) whether West Virginia Code § 55-7B-9a is unconstitutional; and 3) Defendant's assertion of certain defenses

1

and affirmative defenses. In Plaintiff's Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment, she states explicitly that she is not moving for summary judgment on the issue of causation. ECF No. 107 at 7. In its Response, Defendant concedes that its deemed employees breached the standard of care but emphasizes that it contests the issue of causation. ECF No. 111 at 1. In its Reply, Plaintiff notes Defendant's concession concerning breach of the standard of care; however, Plaintiff further suggests that Defendant does not contest the issue of causation. ECF No. 116 at 1-2. Defendant objects to this latter assertion, arguing that it is improper for the Court to make any findings of fact regarding causation at this time as Plaintiff represented that it was not seeking summary judgment regarding causation. Alternatively, if the Court decided to consider causation issues at this time, Defendant sought leave to file a surreply discussing causation.

The Court **GRANTS in part** Plaintiff's Motion for Partial Summary Judgment, solely on the issue of violation of the standard of care, and **FINDS** that Defendant's deemed employees violated the applicable standard of care. West Virginia law provides that "[t]he following are necessary elements of proof that an injury or death resulted from the failure of a health care provider to follow the accepted standard of care: (1) [t]he health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (2) [s]uch failure was a proximate cause of the injury or death." W. Va. Code § 55-7B-3(a). The Court finds that Richard Booth, Jr., MD and Certified Nurse Midwife Maxine Yaged, both employees of Valley Health Systems, Inc., and deemed employees of the United States, failed to exercise the required standard of care in providing healthcare

services during Batina Adkins' pregnancy with Draven Robertson by (a) not obtaining an appropriate history from Ms. Adkins, (b) not investigating the "rare blood disorder" that was reported to them as to Ms. Adkins' first pregnancy, (c) failing to appreciate the significance of the antibody testing that occurred during Ms. Adkins' initial prenatal visit, and (d) failing to properly monitor and manage Ms. Adkins and Draven Robertson during the pregnancy through the use of blood testing such as serial antibody testing, serial amniocentesis, or serial middle cerebral artery Doppler. Accordingly, summary judgment in Plaintiff's failure is granted concerning breach of the standard of care.

Turning to Defendant's objection, the Court notes that Plaintiff's Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment explicitly states that summary judgment is not sought on the issue of causation. The Court further notes that Defendant clearly contests the issue of causation. Because of Plaintiff's earlier statement that she does not seek summary judgment concerning causation at this time, the Court will disregard any argument in Plaintiffs' Reply regarding causation. Having so decided, it is unnecessary for Defendant to file a surreply making arguments about causation. Therefore, the Court **DENIES** Defendant's Objection to Plaintiff's Reply or, alternatively, its Motion for Leave to File Surreply.

In conclusion, the Court **GRANTS in part** Plaintiff's Motion for Partial Summary Judgment. Specifically, the Court **GRANTS** summary judgment in favor of Plaintiff on the issue of whether Defendant's deemed employees violated the applicable standard of care, **FINDS** that Defendant's deemed employees violated the applicable standard of care, and **holds in ABEYANCE** the remainder of Plaintiff's Motion. The Court **DENIES** Defendant's Objection to Plaintiff's Reply or, alternatively, its Motion for Leave to File Surreply.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     August 5, 2014

_____

ROBERT C. CHAMBERS, CHIEF JUDGE